


UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:09-CR-26-FL(4)
NO. 7:09 CR 82-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | MEMORANDUM OF PLEA AGREEMENT |
| ) | |
| KODY RAY BRITTINGHAM ) | |

The United States of America ("United States"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, with the concurrence of the Defendant's Attorney, A. Robert Bell III, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

    1. This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein.

    2. The Defendant agrees:

        a. To plead guilty to the One count Indictment, and to waive indictment and plead guilty to the Two count Criminal Information herein.

        b. To make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due and payable immediately.

        c. To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or

trigger a waiver by the United States of any of its rights to appeal provided by law.

d. To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

e. To assist the United States in the recovery and forfeiture of any assets which facilitated and/or were acquired through unlawful activities, including all such assets in which the Defendant has any interest or control.

f. To pay a special assessment of $100.00 for each count, pursuant to the provisions of 18 U.S.C. § 3013. The Defendant or Defendant's counsel shall provide a check in payment of the said assessment directly to the Clerk, U.S. District Court/EDNC.

g. To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

h. To abide by any conditions of release pending sentencing and report timely for service of sentence.

i. Whenever called upon to do so by the United States, (1) to disclose fully and truthfully in interviews with Government agents information concerning all conduct related to the Indictment, and any other crimes of which the Defendant has knowledge, and (2) to testify fully and truthfully in any proceeding. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant at trial if the Defendant withdraws from this plea agreement or is allowed to withdraw the guilty plea.

j. If the Defendant provides false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by the Defendant, and the Defendant shall be subject to

2

prosecution for any federal criminal violation. Any information provided by the Defendant may be used against the Defendant in such a prosecution.

k. To submit to a polygraph examination whenever requested by the Office of the USA-EDNC. The results of these examinations will be admissible <u>only</u> at the Defendant's sentencing, and at any hearing as to whether there has been a breach of this agreement. The United States may rely on these results in determining whether the Defendant has fulfilled any obligation under this Agreement.

l. To knowingly and expressly waive any and all rights, under the Fifth and Sixth Amendments to the United States Constitution and any cases interpreting them, to have the existence and applicability of any prior convictions (1) charged in the indictment, (2) submitted to a jury, and (3) proved beyond a reasonable doubt. The defendant hereby consents to having the existence and applicability of any such convictions decided by the sentencing judge based on a preponderance of the evidence. The defendant reserves the right to contest at sentencing the existence of any such prior conviction and whether such conviction qualifies to increase the statutory minimum and maximum sentence, but consents to the resolution of any such objection by the sentencing judge using a preponderance-of-the-evidence standard.

3. The Defendant understands, agrees, and admits:

a. That as to the one count Indictment to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

   (1) Threat Against the President-elect

   (2) Code section violated: 18 U.S.C. § 871

   (3) Elements: In or about November, 2008

   <u>First</u>: the defendant knowingly and willfully made a true threat to take the life of, or inflict bodily harm upon a victim,

3

<blockquote>

Second: the victim was the President-elect of the United States

(4) Maximum term of imprisonment: 5 years

(5) Minimum term of imprisonment: n/a

(6) Maximum term of supervised release: 3 years

(7) Maximum term of imprisonment upon revocation of supervised release: 2 years

(8) Maximum fine: $250,000.00

(9) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2.b. above.

(10) Special assessment: $100

</blockquote>

b. That as to Count One of the Criminal Information to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

<blockquote>

(1) Attempted Hobbs Act Robbery, Aiding & Abetting

(2) Code section violated: 18 U.S.C. §§ 1951, 2

(3) Elements: On or about December 14, 2008

First: the defendant, aiding and abetting another, did unlawfully attempt to obstruct, delay and affect commerce:

Second: by robbery, in that, he unlawfully attempted to take and obtain

Third: personal property

Fourth: from other persons at the My Motel in Jacksonville, NC

Fifth: against their will by means of force, violence and fear to their persons, by the actual and threatened use of dangerous weapons

(4) Maximum term of imprisonment: 20 years

</blockquote>

4

(5) Minimum term of imprisonment: n/a

(6) Maximum term of supervised release: 3 years

(7) Maximum term of imprisonment upon revocation of supervised release: 2 years

(8) Maximum fine: $250,000.00

(9) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2.b. above.

(10) Special assessment: $ $100

c. That as to Count Two of the Criminal Information to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

(1) Use and Carry a Firearm during an attempted Hobbs Act Robbery, Aiding and Abetting

(2) Code section violated:
18 U.S.C. §§ 924(c)(1)(A)(ii) and 2

(3) Elements: On or about December 14, 2008

First: The defendant, used and carried a firearm;

Second: during and in relation to a crime of violence, to wit: attempted Hobbs Act robbery;

Third: the defendant aided and abetted another in so doing.

(4) Maximum term of imprisonment: Life

(5) Minimum term of imprisonment: 7 years consecutive

(6) Maximum term of supervised release: 5 years

(7) Maximum term of imprisonment upon revocation of supervised release: 3 years

5

        (8) Maximum fine: $250,000

        (9) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2.b. above.

        (10) Special assessment: $ 100

Total Statutory Maximum Sentence: Life Imprisonment; 11 Years Supervised Release; $750,000 Fine; $300 Special Assessment.

    d. That any sentence imposed will be without parole.

    e. That the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

    f. That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

4. The United States agrees:

    a. That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions or objections filed by the Defendant.

    b. That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Indictment, however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

    c. That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35.

d.   Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable advisory Guideline range, except as provided by §1B1.8 and except as stated in this Agreement. The United States will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

   e.   That the USA-EDNC agrees not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this Agreement.

   f.   That the USA-EDNC agrees not to directly use information provided by the defendant pursuant to this plea agreement to prosecute the defendant for additional criminal offenses, except for crimes of violence, but the USA-EDNC may make derivative use of such information and pursue any investigative leads suggested by such information.

5. The parties agree to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

a.  A downward adjustment of 2 levels, or 3 levels if the total offense level is 16 or higher, for acceptance of responsibility is warranted under U.S.S.G. § 3E1.1.

This the 29th day of May, 2009.

GEORGE E. B. HOLDING
United States Attorney

BY: *[signature]*
ERIC EVENSON
Assistant United States Attorney
Criminal Division

*[signature]*
KODY RAY BRITTINGHAM
Defendant

*[signature]*
A. ROBERT BELL III
Attorney for the Defendant

Conditionally approved this 3rd day of August, 2009. Final acceptance is deferred pending the Court's review of the Presentence Report.

*[signature]*

Honorable David W. Daniel
United States Magistrate Judge

7/02/07 ed.